## COMMONWEALTH *vs.* BENJAMIN KIMBALL.

An allegation in an indictment, that the defendant, without being licensed according to law, sold spiritous liquors to A., is proved by evidence that A. bought the liquors of the defendant for B., at B.'s request and with his money, without disclosing that fact to the defendant.

THE indictment, in this case, alleged that the defendant, not being first licensed, &c., presumed to be and was, a retailer of

wine, brandy, rum and spiritous liquors, to one Charles H. Haddock in a less quantity than twenty eight gallons, &c. At the trial in the court of common pleas, said Haddock testified that he " procured from the defendant the spirits mentioned in the indictment, for one Pilsbury, and at his request and with his money, without disclosing to the defendant that he was thus purchasing for said Pilsbury and with his money; and that nothing was said to the defendant on this subject." The defendant thereupon objected, that this testimony was not suffi‑ cient to prove the offence as laid, but that there was a variance between the proof and the allegation ; that the proof showed that Pilsbury was the purchaser, and not the said Haddock. But the court ruled that there was no variance, and that the testimony, if believed by the jury, was sufficient to maintain the indictment. The jury found the defendant guilty, and he thereupon alleged exceptions to this ruling.

*Ward*, for the defendant.

*Perkins*, for the Commonwealth.

DEWEY, J. The defence here taken is upon an alleged variance between an allegation in the indictment and the proof offered to sustain it. The indictment alleges a sale of‑ spiritous liquors to Charles H. Haddock ; but the defendant contends that the facts given in evidence show that the sale was not made to Haddock, but to one Pilsbury. The test proposed by the counsel for the defendant is that of the legal right of property in the liquors, acquired by the sale thereof by the defendant ; and it is contended that the effect of the sale was to vest in Pilsbury the property in the liquors. But if this position, as to the legal right of property in Pilsbury, be sound, we do not think that the result contended for would necessarily follow ; as we are not satisfied that the present case is to be decided by that test.

The allegation of a sale by the defendant to Haddock, for all the purposes of this indictment, or essential to its maintenance, may well be sustained by proof of a contract of sale by the defendant on the one part, and Haddock on the other ; they. being the only parties known to each other as participators in

the sale.   As it regards the defendant, Haddock was so far the vendee, that had the liquors been purchased on a credit, Haddock would have been responsible for payment.   He disclosed no agency, and did not profess to act in behalf of another.   The defendant standing in this relation to Haddock, treating with him as a purchaser on his own account, cannot now deny that relation, for the purpose of avoiding the penalty attached to that sale, as a violation of the license law.   As between the immediate parties to the transaction, the case disclosed was that of a sale by the defendant to Haddock ; and this being the case, it is not competent for the defendant to avoid a conviction on this indictment, because it may now be made to appear that Haddock, although apparently acting for himself and contracting as the vendee, was in truth making the purchase at the request and with the money of Pilsbury.   For the purposes of this indictment, the court are of opinion that the sale might, upon the evidence, be considered as a sale to Haddock, and that this allegation is therefore well sustained.

*Exceptions overruled.*